**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| CHRISTOPHER HIRALDO DISLA | CIVIL ACTION NO. 26-0929 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BRYAN PATTERSON, ET AL. | MAGISTRATE JUDGE WHITEHURST |

## ORDER

Christopher Hiraldo Disla ("Disla") simultaneously filed a petition for a writ of habeas corpus and an application for a temporary restraining order. Record Documents 1, 5. The habeas petition is **REFERRED** to the Magistrate Judge for consideration, and for the following reasons, the application for a temporary restraining order is **DENIED**.

According to his undisputed factual statement, Disla entered the United States on September 19, 2000 at 12 years old. Record Document 1, at 3, 6. Years later, Disla received status as a lawful permanent resident through his father's petition. Record Document 5-1, at 1. While in the United States, Disla accumulated a substantial criminal history, including arrests and convictions for aggravated unlicensed operation of a motor vehicle, false personation, driving while intoxicated, criminal possession of stolen property and a forged instrument, grand larceny, petit larceny, unlawful possession of personal identification, and attempted theft. Record Document 1, at 5-6.

Because of his criminal activity, in 2018, immigration authorities confiscated Disla's Permanent Resident Card and began removal proceedings. *See* Record Document 1, at 4, 7. The government charged him as inadmissible based on his criminal

1

history and issued a notice to appear for removal. *Id.* at 4-5. In response, Disla filed an application for cancellation of removal. *Id.* at 7. On October 30, 2025, immigration authorities detained Disla under the pending notice to appear. *Id.* at 8. Following a hearing and presentation of evidence, an immigration judge ruled that Disla was inadmissible into the United States but granted his cancellation of removal. Record Document 1-1, at 4-5. The government has appealed to the Board of Immigration Appeals. Record Document 1-2, at 2.

In his application for a temporary restraining order, Disla asks for immediate release and an order restraining his removal from the United States. Record Document 5, at 1-2. To obtain a temporary restraining order, the movant must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (3) that greater injury will result from denying the temporary restraining order than if it is granted; and (4) that a temporary restraining order will not disserve the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Here, the Court finds that Disla is not entitled to a restraining order because he did not establish that he faces a substantial threat of immediate and irreparable harm. Disla argued that immigration authorities were not offering appropriate medical treatment for his medical condition of type 1 diabetes. Record Document 5-1, at 5. Contrary to Disla's claims, the Government has presented sufficient evidence that it has adequately treated Disla's medical condition. The Government has shown that it has provided Disla with medication and testing appropriate for type 1 diabetes. Record

Document 16-1, at 5 ("This regimen is appropriate for the management of type 1 diabetes mellitus. This basal-bolus insulin approach is an established and appropriate treatment strategy for type 1 diabetes mellitus, which requires continuous basal insulin, plus a short-acting insulin for glycemic control."). In fact, despite being offered appropriate treatment, Disla has consistently refused that treatment. *See, e.g.*, Record Document 9, at 2 (collecting examples of treatment refusal). Disla cannot refuse treatment and then claim that his lack of treatment will cause an irreparable injury. As such, Disla's application for a temporary restraining order is denied.

**DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of April, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE